UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILHELMENIA DAVIS, o/b/o  ) <br> K.D.A.O.,                                    ) <br>                                                 ) <br>     Claimant,                           ) <br>                                                 ) <br> vs.                                          ) <br>                                                 ) <br> MICHAEL J. ASTRUE,            ) <br> Commissioner, Social Security  ) <br> Administration,                       ) <br>                                                 ) <br>     Defendant.                         ) | Civil Action No. CV-10-S-192-S |

### ENTRY OF JUDGMENT UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND ORDER OF REMAND

Wilhelmenia Davis commenced this action on January 29, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge, and denying the claim she asserted on behalf of her son, K.D.A.O. ("claimant"), for child supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case is due to be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant was thirteen years old when he applied for supplemental security income benefits, and he was sixteen years old at the time of the administrative decision. Claimant alleged childhood disability beginning on January 10, 2006, due to attention deficit hyperactivity disorder (ADHD) and behavioral issues.[1]

If a child disability claimant has a severe impairment or combination of impairments that does not meet or medically equal a listing, the ALJ must decide whether the claimant's impairments functionally equal a listing. To functionally equal a listing, the claimant's impairments "must be of listing-level severity; *i.e.,* [they] must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain . . . ." 20 C.F.R. § 416.926a(a). The "domains of functioning" to be evaluated include: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; [and] (vi) Health and physical well-being." 20 C.F.R. § 416.926a(1)(i)-(vi). Social Security regulations

---

[1] Tr. at 107.

inform claimants that "marked" limitations in these domains exist

> when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i). "Extreme" limitations exist

> when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § 416.926a(e)(3)(i).

The ALJ found that claimant had the severe impairments of ADHD and a learning disorder.[2] Even so, the ALJ found that claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled one of the listed impairments. Claimant contends that this decision was neither

---

[2]Tr. at 14.

3

supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant argues that the ALJ failed to show good cause for not giving substantial weight to an opinion from the Sparks Clinic at the University of Alabama in Birmingham, that he improperly evaluated the hearing testimony from claimant and his mother, and that he failed to seek further medical review in order to obtain a more current IQ score.

The court finds merit in claimant's last argument. Social Security regulations provide that "IQ test results must also be sufficiently current for accurate assessment under [Listing] 112.05," which addresses mental retardation. 20 C.F.R. pt. 404, subpt. P, appx. 1, § 112(D)(10). "IQ test results obtained between ages 7 and 16 should be considered current for 4 years when the tested IQ is less than 40, and for 2 years when the IQ is 40 or above." *Id.* Claimant was thirteen years old on January 10, 2006, when he was assessed with a verbal score of 83, a perceptual reasoning score of 59, and a full scale IQ score of 67.[3] Those scores should have been considered valid for only two years, or until January of 2008, but the administrative hearing was conducted on October 15, 2008, and the ALJ did not issue his decision until April 10, 2009. Consequently, the ALJ should have obtained more recent IQ scores before determining whether claimant satisfied the requirements of Listing 112.05.

---

[3]Tr. at 195, 202.

4

Defendant argues that the ALJ's failure to do so was not error because claimant never alleged disability based upon satisfaction of Listing 112.05. That may be so, but for whatever reason, the ALJ's decision included an evaluation of whether claimant satisfied that Listing.[4] Because the ALJ considered whether claimant was disabled under Listing 112.05, and not just whether claimant's impairments medically or functionally equaled the Listing, he erred in failing to obtain more recent IQ scores. Remand is warranted for the ALJ to correct that error.

The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

The Clerk of Court is directed to close this file.

DONE this 28th day of October, 2010.

_____
United States District Judge

---

[4]*See* Tr. at 15 ("Although the claimant obtained a full-scale IQ score of 67, it has been determined this is not an accurate representation of the claimant's true cognitive abilities and that his verbal IQ score of 83 which is consistent with low average intelligence, is an accurate assessment of the claimant's true intellectual and cognitive abilities. Regarding the claimant's ADHD, the medical evidence also fails to establish marked inattention, impulsiveness, and hyperactivity. Therefore, the claimant does not meet the criteria set forth in listings 112.05 or 112.11.").